Essex,
*March,*
1842.
_____
Hopkins
*v.*
Willard &
Poland.

---

JOSEPH HOPKINS *v.* WILLARD & POLAND.

An attorney, who receives a demand for collection from a creditor at a distance, without any special instructions, has a discretionary power not to have the debtor committed on the execution, and, if he has been committed, may discharge him from the commitment, if he acts as a man of common prudence would do, from the apparent circumstances of the debtor.

There is combined in the character of attorney that of agent, to some extent.

CASE, against the defendants, who were partners and prac-

tising attorneys, residing in Lamoille county, in this state, for misconduct and negligence in regard to a demand against Isaac R. Pettingill, left with them by the plaintiff for collection, in March, 1838. The plaintiff resided in Essex county.

Plea not guilty, and trial by jury.

On the trial in the court below, it appeared that the defendants commenced a suit on said demand and attached a horse, and, on the 9th day of April, 1838, a judgment was recovered against Pettingill in said suit, on which an execution issued, and the horse was sold and the proceeds of the sale were applied in part payment of the execution, leaving a balance unpaid, and that the execution then remained in the hands of a deputy sheriff. Testimony was introduced by the plaintiff tending to show that after the sale of the horse, and while the execution was in the hands of such deputy and in full life, the debtor applied to the defendant, Willard, requesting him to direct the officer not to commit the debtor, as he was poor and wished to be absent and at large, at the time ; that Willard yielded to the request ; that the defendants afterwards, in March, 1840, sued the judgment and, in that suit arrested the body of the debtor, and obtained a second judgment, took out execution thereon and caused the body of the debtor to be committed to jail ; that after the debtor had remained within the liberties of the jail yard by virtue of said commitment about two weeks, the defendant, Poland, discharged the debtor from his commitment and took his note for the amount then due ; that at the time of such discharge of the debtor, he and others represented to Poland that he was poor and was entitled to be discharged from his imprisonment on taking the poor debtor's oath. Testimony was also given tending to show that during the time the defendants had said demand for collection, the debtor paid other debts amounting to several hundred dollars ; that at the time when the defendant, Willard, directed the officer not to commit the debtor, the latter had an interest in real estate in Hardwick to the amount of several hundred dollars, and that this interest continued in the debtor from the fall of 1837 to the first of February, 1839.

The defendants introduced testimony tending to show that they made diligent inquiry in regard to the circumstances of the debtor during all the time they had said demand for col-

Essex,
March,
1842.

Hopkins
v.
Willard &
Poland.

Essex,
March,
1842.

Hopkins
v.
Willard &
Poland.

lection ; that the debtor was wholly irresponsible and unable to pay any thing except what he paid by procuring one Cady to secure a debt to one Robinson and by inducing one Pennock to relinquish a mortgage in his favor upon the debtor's real estate in Hardwick and permitting Cady to take a mortgage thereof ; that during all the time the defendants had said demand for collection the debtor's real estate was incumbered by a mortgage on record to the full value of such estate, and that the defendants had no means of knowing that the mortgage debt was otherwise secured, although, in fact, the mortgagee held other collateral security, which he finally concluded to rely upon and permit Cady to take a mortgage of the real estate ; that the debtor had not, during any of the time while said demand was in the defendants' hands, any attachable property, real or personal, known to the defendants, other than said real estate so mortgaged, and that they used the utmost diligence in attempting to secure and collect said demand and had paid to the plaintiff the full sum realized from the sale of said horse on the first execution.

From this testimony, the court charged the jury that when an attorney takes a demand for collection, he is bound to use common diligence and prudence in enforcing the collection of the demand, and if the defendants had been thus diligent and prudent, they were not liable in this action ; that while an execution is in an officer's hands and in life, and the debtor liable to arrest, the attorney has a discretion not to have him committed, if, on diligent examination, originally made, he believes that a commitment would be injurious to the interest of the creditor, and that the attorney has the same discretion to release a debtor from jail ; that when the creditor resides at such a distance that he cannot be consulted, the attorney may exercise such discretion on his own responsibility, if he uses the same diligence and faithfulness that a man of common prudence uses in his own business, and that the defendants were justified in acting on the apparent circumstances of the debtor, after reasonable examination originally made as to his situation and property, and were not bound to know his actual condition as to property. The jury returned a verdict for the defendants and the plaintiff excepted to the charge of the county court.

*J. S. Wells* and *S. Cushman* argued for plaintiff.

Essex,
March,
1842.

Hopkins
*v.*
Willard &
Poland.

*Poland* and *S. W. Cooper*, for defendants.

The main question in this case is as to the authority of an attorney, in the collection of a debt intrusted to his care.

The older authorities seem to be, that an attorney is only liable for *gross negligence*, that if the attorney acted *bona fide*, although erroneously, he is not to be made liable. *Pitt* v. *Yalden*, 4 Burrow's R. 2060. *Russell* v. *Palmer*, 2 Wilson's R. 325.

Later cases seem to have narrowed these decisions somewhat. In the case of *Compton* v. *Chandless*, 3 Camp. R. 19, it is said by Le Blanc, J. that 'an attorney is only bound ' to use *reasonable care* and *skill* in managing the business of ' his client and if he were liable further, no one would ven-' turn to act in that capacity." In the case of *Gilbert* v. *Williams*, 8 Mass. R. 57, the court say ' that an attorney is ' not answerable for every error or mistake, but shall be pro-' tected when he acts in *good faith* and to the best of his ' skill and knowledge.' In the case of *Crooker* v. *Hutchinson & Cushman*, 1 Vt. R. 73, the court say ' attorneys in ' matters of collection are to follow implicitly the directions ' of the creditor, and in the absence of the client and of ' special instructions they should diligently prosecute such ' measures as they may reasonably suppose the client would ' direct if applied to, and made acquainted with all the cir-' cumstances.'

This case seems to carry the liability of attorneys further than any previous case but as it is the decision of our own court, we suppose it will be followed in the decision of this case.

In this case the court charged the jury that the defendants, after using common diligence and making reasonable examination and inquiry to ascertain the situation of the debtor's property, were bound to exercise their discretion as to the course to be taken, and if they pursued the same course and used the same diligence and faithfulness that a man of common prudence does in his own affairs, that was all they were bound to do, and the jury have found that they did use such diligence in examination and such discretion in the course they took.

Essex,
*March,*
1842.

Hopkins
*v.*
Willard &
Poland.

This was certainly as far as the case in 1 Vt. R. 73, goes, for the defendants could not suppose that the plaintiff, if applied to and made acquainted with facts, would direct any other course than such as a prudent man would himself take.

Whether the defendants did exercise reasonable care and prudence in the course they took was properly left to the jury to decide. *Reece* v. *Rigby*, 4 Barn. & Ald. R. 202.

The opinion of the court was delivered by

Bennett, J.—The demand was left with the defendants for collection, without any *express* instructions as to the course to be pursued by them, and the question must depend upon the *implied* powers of the attorney in such case. Certainly no fault can be found with the charge of the court, which requires the attorney to use common diligence in the collection of the demand, by which we are to understand that degree of diligence which a man of *ordinary* prudence would use in his own business. If, in the absence of any special instructions, such degree of diligence is used, the attorney cannot be charged with negligence, as this, in a case like the present, simply implies a want of ordinary care. The court told the jury that the defendants had a *discretion* not to have the debtor committed, if there was good reason to believe that such a course would be injurious to the creditor, and that, after commitment, he had the same right to release the debtor from jail, and that he might do this, without consulting the creditor, when he resided at a distance, provided he acted as a man of common prudence, and in so doing he might be guided by the *apparent* circumstances of the debtor. In *Briggs* v. *Georgia*, 10 Vt. R. 68, it was held that, in this state, there is combined in the character of attorney that of agent to a certain extent, and that an attorney, employed to conduct a litigated suit, might employ assistant counsel in the absence, and upon the credit of his client. Much more should the attorney, who receives a demand for collection from a distant creditor, combine the character of agent. This will be, ordinarily, beneficial for the creditor, and is in accordance with our course of business. When the creditor is remote, he cannot be supposed to be particularly advised of the situation of the debtor; and if

the attorney uses the requisite diligence, he must certainly be justified in acting upon the result of his information.

Though we may have extended the powers of an attorney somewhat beyond his powers at common law, yet, it is believed, that the views now expressed are in accordance with a long course of practice in this state, founded in good reason.

The judgment of the county court is affirmed.